UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MCDOWELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVE SMITH, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00500-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF COURTESY COPY OF THE COMPLAINT AND COURT'S SCREENING ORDER AND GRANTING PLAINTIFF THIRTY DAYS TO FILE AN AMENDED COMPLAINT<br><br>(ECF Nos. 1, 8, 11) |

　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on April 26, 2024.

　　　On May 23, 2024, the Court screened Plaintiff's complaint, found no cognizable claims, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 8.)

　　　Currently before the Court is Plaintiff's notice that he has been transferred to Riverside County Jail on an unrelated criminal case, filed June 24, 2024.  Plaintiff submits that was initially told he would be transferred back and forth from Riverside County Jail and California State Prison-Sacramento.  (ECF No. 11.)  However, Plaintiff was subsequently advised that he would remain at the jail for the duration of his pending criminal prosecution.  (Id.)  Plaintiff indicates that he was transferred without his legal property and he cannot meet the current deadline to

1

1 amend the complaint.  (Id.)

2      As an initial matter, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).  Prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction such that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (holding intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (holding interstate prison transfer does not implicate Due Process Clause).  A non-consensual transfer is not per se violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519; see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).  Accordingly, Plaintiff has no constitutional right to be transferred back to California State Prison, Sacramento.

     With regard to Plaintiff's lack of legal property, in the interest of justice, the Court will send Plaintiff a copy of his original complaint, the Court's May 23, 2024 screening order, and a blank copy of civil rights complaint form to allow Plaintiff to file an amended complaint in this action.  However, as noted in the Court's first informational order, generally, "[t]he Court will not make copies of filed documents or provide postage or envelopes for free even for parties proceeding in forma pauperis." (ECF No. 4, p. 3).  Rather, the Clerk charges $.50 per copied page.  See Judicial Conference Schedule of Fees ¶ 4; 28 U.S.C. § 1914.  In this instance, the Court will make a one-time exception and send Plaintiff courtesy copies of the relevant documents.  grant Plaintiff's request one more time and direct the Clerk to mail Plaintiff a courtesy copy of his first amended complaint along with this order.  However, Plaintiff will be required to pay for further requests for copies from the Court.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a courtesy copy of the original complaint (ECF No. 1), the Court's May 23, 2024 screening order (ECF No. 8), and a blank civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed for failure to state a cognizable claim for relief, failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **June 26, 2024**

UNITED STATES MAGISTRATE JUDGE

3