UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MCDOWELL,<br><br>             Plaintiff,<br><br>     v.<br><br>STEVE SMITH, et al.,<br><br>             Defendants. | No.  1:24-cv-00500-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 29) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 18, 2024.  Plaintiff seeks appointment of counsel because he does not "know the fundamentals of California law, such as when to produce supporting documents."  (ECF No. 29 at 2.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  Although the Court has found that Plaintiff's complaint states cognizable claims, at this juncture, the Court cannot determine the likelihood of success on the merits of Plaintiff's claims.  The likelihood of success on the merits determination is not the same as that required at screening.  Further, a review of the docket reflects that Plaintiff has adequately litigated this action to date.[1]  Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:     **November 20, 2024**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] To the extent Plaintiff objects to Defendants' second motion for extension of time to file an answer, his objections as moot as Defendants filed an answer on November 8, 2024.  Further, Plaintiff's objections are without merit as Defendants set forth good cause for the extension of time to file an responsive pleading.  (ECF Nos. 25, 26.)