UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MCDOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE SMITH, et al.,<br><br>　　　　　Defendants. | No.  1:24-cv-00500-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 45) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  All parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C § 636(c)(1).

Currently before the Court is Plaintiff's motion for a temporary restraining order, filed March 10, 2025.  (ECF No. 45.)

This action proceeds against Defendants Luis Cobian, Joseph Davis, Steve Smith, and Jeffrey Storey for deliberate indifference to Plaintiff's safety.  In his present motion, Plaintiff seeks a temporary restraining order against staff at Sierra Conservation Center and California State Prison, Sacramento, because a second inmate has attempted to stab Plaintiff on February 13, 2025, and he believes California Department of Corrections and Rehabilitation staff are making viable physical threats against Plaintiff's life and liberty.

1

1    The legal principles applicable to requests for injunctive relief, such as a temporary
2 restraining order or preliminary injunction, are well established. To prevail, the moving party
3 must show that irreparable injury is likely in the absence of an injunction. See <u>Stormans, Inc. v.
4 Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.</u>,
5 555 U.S. 7 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing
6 solely on the possibility of irreparable harm, such cases are "no longer controlling, or even
7 viable." <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009).
8 Under <u>Winter</u>, the proper test requires a party to demonstrate: (1) he is likely to succeed on the
9 merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance
10 of hardships tips in his favor; and (4) an injunction is in the public interest. See <u>Stormans</u>, 586
11 F.3d at 1127 (citing <u>Winter</u>, 555 U.S. at 20). The court cannot, however, issue an order against
12 individuals who are not parties to the action. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>,
13 395 U.S. 100, 112 (1969).

14    The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner
15 litigants seeking preliminary injunctive relief against prison officials. In such cases,
16 "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to
17 correct the harm the court finds requires preliminary relief, and be the least intrusive means
18 necessary to correct that harm." 18 U.S.C. § 3626(a)(2); <u>Villery v. California Dep't of Corr.</u>, 2016
19 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places
20 significant limits upon a court's power to grant preliminary injunctive relief to inmates, and
21 "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the
22 bargaining power of prison administrators—no longer may courts grant or approve relief that
23 binds prison administrators to do more than the constitutional minimum." <u>Gilmore v. People of
24 the State of California</u>, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited
25 to the parties in this action" and the pendency of an action "does not give the Court jurisdiction
26 over prison officials in general or over the conditions of an inmate's confinement unrelated to the
27 claims before it." <u>Beaton v. Miller</u>, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further,
28 state governments have "traditionally been granted the widest latitude in the dispatch of [their]

own internal affairs." Rizzo v. Goode, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. See Turner v. Safely, 482 U.S. 78, 85 (1987); Sandin v. Conner, 515 U.S. 472, 482-83 (1995).

    In his motion for injunctive relief, Plaintiff seeks a temporary restraining order against CDCR staff so he can make it home safe and alive upon him upcoming release from prison. (ECF No. 45.) The Court finds that injunctive relief is not warranted. While the Court has determined that this case presents potentially cognizable Eighth Amendment safety claims, Plaintiff has not established that he is likely to succeed on the merits of those claims. Plaintiff's claim that he was subjected to a second attempted assault is vague and conclusory, devoid of factual support. Thus, Plaintiff has not sufficiently demonstrated that he is likely to suffer irreparable harm in the absence of this Court's intervention. In addition, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim for damages arising from an incident of alleged deliberate indifference on or about February 14, 2023. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted). Accordingly, Plaintiff's motion for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: **March 11, 2025**

                                  STANLEY A. BOONE
                                  United States Magistrate Judge