UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MCDOWELL,<br><br>           Plaintiff,<br><br>    v.<br><br>STEVE SMITH, et al.,<br><br>           Defendants. | No. 1:24-cv-00500-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY MERITS-BASED DISCOVERY AND VACATE DEADLINES<br><br>(ECF No. 52) |

        Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  All parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C § 636(c)(1).

        Currently before the Court is Defendants' motion to stay merits-based discovery and vacate the dispositive motion deadline, filed May 23, 2025.  (ECF No. 52.)

        The Court is vested with broad discretion to manage discovery.  Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery.  The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).  The propriety of

1

1  delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion

2  motion was explicitly recognized by the Ninth Circuit.  Albino v. Baca, 747 F.3d 1162, 1170-71

3  (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187,

4  at *2-3 (N.D. Cal. Jan. 15, 2014).

5        On April 15, 2025, Defendants filed a motion for summary judgment for Plaintiff's failure

6  to exhaust the administrative remedies.  (ECF No. 49.)  The failure to exhaust is an affirmative

7  defense, and Defendant is entitled to judgment on Plaintiff's claims against her if the Court

8  determines the claim is unexhausted.  Albino, 747 F.3d at 1166.  Thus, the pending exhaustion

9  motion has the potential to bring final resolution to this action, obviating the need for merits-

10 based discovery.  Gibbs, 2014 WL 172187, at *3.  In Albino, the Ninth Circuit recognized that

11 "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims,"

12 and "discovery directed to the merits of the suit" should be left until later.  Albino, 747 F.3d at

13 1170.  To the extent that the non-moving party needs specific discovery to address issues raised in

14 a dispositive motion, the non-moving party may seek redress by Federal Rule of Civil Procedure

15 56(d).  Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003)

16 (overruled on other grounds by Albino, 747 F.3d at 1168-69).

17       On the basis of good cause, it is HEREBY ORDERED that:

18     1.    All merits-based discovery is stayed until a final ruling on Defendants' pending

19         motion for summary judgment;

20     2.    The discovery and dispositive motions deadlines are vacated; and

21     3.    If necessary, the Court will reset the deadlines following resolution of the pending

22         motion for summary judgment.

IT IS SO ORDERED.

Dated:   **May 27, 2025**

STANLEY A. BOONE
United States Magistrate Judge