UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MCDOWELL,<br><br>                     Plaintiff,<br><br>       v.<br><br>STEVE SMITH, et al.,<br><br>                     Defendants. | No.  1:24-cv-00500-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENAS<br><br>(ECF No. 57)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND COURTESY COPY OF CERTAIN DOCUMENTS |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Smith, Storey, Davis, and Cobian.

On October 6, 2025, Plaintiff filed a motion for issuance of a subpoena duces tecum commanding the production of the grievances submitted as exhibits attached to his original complaint. (ECF No. 57.)

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for November 10, 2025. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the

1

1  subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider
2  granting such a request only if the documents or items sought from the nonparty are not equally
3  available to Plaintiff and are not obtainable from Defendants through a request for the production
4  of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If
5  Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If
6  the Court rules that the documents, electronically stored information, and/or tangible things are
7  discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek
8  a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or
9  items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

10  In this instance, Plaintiff has not demonstrated that he sought the documents from Defendants through a request for the production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a motion to compel the production of the requested documents.  Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is denied.  However, to the extent Plaintiff is requesting a copy of the grievances attached to his original complaint, the Court will grant a one-time exception and provide him a copy of such documents.[1]

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

[1] There is no constitutional right to receive photocopies free of charge. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1990), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." ); Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) (finding no violation of "appellant's constitutional rights when [prison officials] refused to provide him with free photocopies...."); Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997) ("[T]here is no First Amendment right to subsidized [legal] mail or photocopying.").  Indeed, the Clerk of Court charges $.50 per page for copies of documents.  See 28 U.S.C. § 1914(b).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for issuance of a subpoena, (ECF No. 57), is DENIED; and
2. The Clerk of Court shall send Plaintiff a courtesy copy of the exhibits attached to Plaintiff's complaint, (ECF No. 1), at pages 10, 11, 12, 19, and 20.

IT IS SO ORDERED.

Dated: __October 15, 2025__

STANLEY A. BOONE
United States Magistrate Judge