UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI MCDOWELL,<br>Plaintiff,<br>v.<br>STEVE SMITH, et al.,<br>Defendants. | No. 1:24-cv-00500-SAB (PC)<br><br>ORDER GRANTING DEFENDANT COBIAN'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF COBIAN<br><br>(ECF No. 71) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. All parties consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 44.)

Currently before the Court is Defendant Cobian's motion for summary judgment, filed May 15, 2026. (ECF No. 71.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's deliberate indifference claim against Defendants Smith, Storey, Davis, and Cobian. (ECF No. 17.)

Defendants Smith, Storey, and Davis filed an answer to the operative complaint on November 8, 2024. (ECF No. 28.) The discovery and scheduling order was issued on December

13, 2024. (ECF No. 37.)

Defendant Cobian filed an answer to the operative complaint on December 13, 2024. (ECF No. 39.)

On May 15, 2026, Defendant Cobian filed the instant motion for summary judgment. (ECF No. 71.)

On June 11, 2026, Defendants Smith, Storey, and Davis filed a motion for summary judgment. (ECF No. 73.)

Plaintiff has not filed an opposition to either motion and the time to do so has passed. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact

precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.

## DISCUSSION

### A. Summary of Plaintiff's Complaint

There was an excessive risk of placing Plaintiff (a Black inmate) with White and Hispanic inmates immediately after a racial riot whereas GBI/SBI were directly by-products of the situation. "1) GBI/SRI even if still impending and not yet incurred substantive excessive risk. 2) I informed C/O's of aforementioned impending harm, yet to no avail." Also, CDCR substantiated the claims in the internal investigation, proving its validity. CDCR knew the riot was racially motivated and placed Plaintiff with Whites and Hispanics endangering his safety.

Defendant Steve Smith knew of the danger and personally minimized it saying "this is program yard." Sergeant Storey and officer Luis Cobian personally moved Plaintiff to said danger and were aware of the impending harm. Officer Joseph Davis also knew of the impending harm of placing a Black with White and Hispanic inmates especially after a racial riot and knowingly left him in danger and even mocked Plaintiff stating, "you don't look very Black to me."

### B. Statement of Undisputed Facts[1]

1. On February 14, 2023, Plaintiff was incarcerated at Sierra Conservation Center serving a sentence for domestic violence. (Pl. Dep., 117:19-118:1 (Jeffery Decl., Ex. A).)

2. While Plaintiff was on the prison yard, a fight broke out between Black and

[1] Hereinafter referred to as "UF."

Hispanic inmates. Plaintiff denies being part of the fighting. (Pl. Dep., 124:20-24; Cobian Decl., ¶ 2.)[2]

3. Once the fight was stopped, the inmates who were on the yard were placed in one of two chow halls – one was designated for the Hispanic and White inmates and one was designated for Black inmates. (Pl. Dep., 124:20-24; Cobian Decl., ¶ 3.)

4. Plaintiff was placed in the chow hall designated for Hispanic and White inmates. (Cobian Decl., ¶ 3.)

5. Plaintiff claims he should have been placed in the chow hall with the Black inmates because Plaintiff identifies as Black, being ½ of Italian descent and ½ of Black descent. (Pl. Dep., 28:24-29:19; 30:15-23.)

6. Plaintiff does not know the identity of the person who escorted him in the chow hall designated for Hispanic and White inmates. (Pl. Dep., 67:11-20; 70:11-18; 95:5-16.)

7. According to Plaintiff, between 30 and 120 minutes elapsed before Plaintiff was moved to the chow hall designated for Black inmates. (Pl. Dep., 94:25-95:3; Pl.'s 602 (Jeffery Decl., Ex. B).)

8. While Plaintiff was in the wrong chow hall on February 14, 2023, Plaintiff was not assaulted or physically harmed. (Pl. Dep., 91:18–92:8; 100:21-24.)

9. While Plaintiff was in the wrong chow hall on February 14, 2023, Plaintiff was not threatened. (Pl. Dep., 89:23–25.)

10. While Plaintiff was in the wrong chow hall on February 14, 2023, nothing violent occurred. (Pl. Dep., 90:24-91:3; Cobian Decl., ¶ 5.)

11. During the time Plaintiff was in the wrong chow hall on February 14, 2023, six to eight correctional officers were present along with three members of the medical staff. (Cobian Decl., ¶ 4.)

12. While Plaintiff was in the wrong chow hall on February 14, 2023, the only interaction Plaintiff perceived as negative was when another inmate declined to speak with

[2] The Court notes that Defendant Cobian did not submit the entire copy of Plaintiff's deposition as required by Local Rule 133(j); however, Defendants Davis, Smith, and Storey submitted the hard copy of Plaintiff's same deposition on June 11, 2026 (ECF Nos. 74, 75) which is before the Court to review.

Plaintiff saying, "I'm good" and walked away. (Pl. Dep., 83:3-84:6; 90:1-12.)

13. During the time Plaintiff was in the wrong chow hall, Cobian did not perceive Plaintiff to be in any danger as he heard Plaintiff joking around with other inmates and did not see any inmate acting with any animosity or aggression toward Plaintiff. (Cobian Decl., ¶¶ 4-5.)

14. Before the incident giving rise to this lawsuit, Plaintiff never filed a 602 grievance against Cobian. (Pl. Dep., 127:20-128:1.)

15. As of February 14, 2023, Cobian did not have any knowledge that Plaintiff had filed any grievances against any officer. (Cobian Decl., ¶ 7; Pl. Dep., 141:3-6.)

16. Plaintiff had not had any negative interactions with Cobian prior to February 14, 2023. (Pl. Dep., 124:17-19.)

**C. Analysis of Defendant's Motion**

Defendant argues that the undisputed facts demonstrate that Cobian was not the officer who placed him in the chow hall, that Cobian never threatened him or made any retaliatory comments, and that Plaintiff suffered no threats, injury, or violence during the incident.[3]

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

[3] Defendant also moves for summary judgment on an alleged retaliation claim; however, Plaintiff's retaliation was dismissed by the Court on September 4, 2024 as not cognizable. (ECF No. 18.) Thus, the only claim in this action is for deliberate indifference in violation of the Eighth Amendment.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer, 511 U.S. at 837.

"[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007); Dixon v. Lavin, 234 F. App'x 814 (9th Cir. 2007). At the same time, however, "a prison official [may not] escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Farmer, 511 U.S. at 843.

Here, Plaintiff admits that while he was in the wrong chow hall 1) no threats were made against him; 2) nothing violent occurred in the chow hall, 3) Plaintiff was never assaulted or physically harmed; and 4) multiple correctional officers and medical staff were present in the chow hall at all relevant times. (UF 8-11.) Indeed, Plaintiff's only interaction with another inmate in the chow hall was a brief, uneventful exchange in which the inmate declined to speak with Plaintiff saying, "I'm good" and walked away. (UF 12.) Thus, Plaintiff has not and cannot show that he was exposed to a substantial risk of serious harm.

In addition, there is no evidence that Cobian knew that Plaintiff was in any danger. It is not enough that Cobian "should have perceived" a danger. Rather, "[i]f an official fails to alleviate a significant risk he should have perceived but did not, an inmate does not state a claim." Farmer, at 511 U.S. at 838). Cobian has attested, despite Plaintiff saying that he identified as Black, Cobian did not perceive Plaintiff to be in any danger in that he heard Plaintiff joking around with other inmates and did not see any inmate acting with any animosity or aggression

toward Plaintiff or any other inmate. (UF 13.) Further, there were always between six and eight custody staff members in the chow hall along with three medical staff. (UF 11.) In addition, Plaintiff admitted that he did not suffer any physical injury which forecloses any claim for mental or emotional injury. (UF 8); see Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002). Accordingly, based on the undisputed evidence, Defendant Cobian's motion for summary judgment shall be granted.

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Cobian's motion for summary judgment (ECF No. 71) is GRANTED; and
2. The Clerk of Court shall enter judgment in favor of Defendant Cobian.

IT IS SO ORDERED.

Dated: **September 16, 2026**

STANLEY A. BOONE
United States Magistrate Judge